■ Joyce Bacharach, Appellant, v. John H. Bacharach, Respondent.— In an action for separation, plaintiff appeals from two orders of the Supreme Court, Nassau County, the first entered October 22, 1971, which dismissed the complaint upon her failure to proceed to trial, and the second entered November 12, 1971, which denied her motion for entry of a money judgment for arrears in temporary alimony and child support. Order entered November 12, 1971, affirmed. Order entered October 22, 1971 reversed, in the exercise of discretion, and case restored to the trial calendar, upon condition that plaintiff's counsel pay to defendant $250 and the costs and disbursements of these appeals within 10 days after service of a copy of the order to be made hereon, with notice of entry; and, upon failure to comply with said condition, the order entered October 22, 1971 will be deemed affirmed. Respondent is granted a single bill of '$10 costs and disbursements to cover the appeals from both orders. In our opinion, the facts warrant a reversal of the order which dismissed the complaint and a restoration of the action upon the conditions set forth above (*Flanagan* v. *Civetta Constr. Corp.*, 38 A D 2d 831; *Buckley* v. *St. Bernard's School*, 28 A D 2d 701; *Springer* v. *Marangio*, 38 A D 2d 852). Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.

■ Matilda Burger, as Administratrix of the Estate of Martin Burger, Deceased, Appellant, v. Emanuel Frisch et al., as Executor of Theodore V. Barnett, Deceased, Respondents. (And a Third-Party Action.) — In an action to recover damages for medical malpractice and breach of warranty, plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County, entered July 14, 1970, as is against her and in favor of defendants, upon (1) a jury verdict in favor of defendants Ellman, Pickard and Adelphi Hospital and (2) the trial court's decision granting a motion by defendants who are executors of the estate of Theodore V. Barnett and by defendant the Central Brooklyn Medical Group to (a) set aside a jury verdict against them and for plaintiff of $14,000 on the first cause of action (for conscious pain and suffering of plaintiff's intestate) and $136,000 on the second cause of action (for wrongful death of plaintiff's intestate) and (b) dismiss the complaint as against said defendants. Judgment affirmed insofar as appealed from, without costs. If we were not affirming the judgment to the extent that it is in favor of the executors of the estate of Theodore V. Barnett and in favor of the Central Brooklyn Medical Group, upon the trial court's dismissal of the complaint as against them, we would nevertheless sustain the decision setting aside the verdict in favor of plaintiff against these two defendants as contrary to the weight of the evidence. Munder, Acting P. J., Martuscello, Shapiro, Brennan and Benjamin, JJ., concur.