■ SUFFOLK COUNTY BUILDERS ASSOCIATION, INC., et al, Respondents, v TOWN OF ISLIP et al, Appellants.—In an action for a declaratory judgment, injunctive relief and an accounting, which was submitted to the court on agreed facts (CPLR 3222), defendants appeal from a judgment of the Supreme Court, Suffolk County, entered February 19, 1974, which, *inter alia,* adjudged (1) that article I(2) of the "Revised Requirements and Regulations for the Approval of Sub-Division Plats in the Town of Islip", adopted by defendant Planning Board of the Town of Islip in or about the year 1962, purporting to define a development or subdivision as a "division of a lot, tract or parcel of land into two or more lots, plots, sites or other divisions of land", is unauthorized in law, unenforceable and null and void and (2) that said regulations do not apply to subdivisions in the Town of Islip containing less than five building plots or intended to be used for "custom or spot building" of single-family dwellings. Judgment reversed, on the law, with costs, and said article I(2) is declared valid and constitutional. In our opinion, the declaration and disposition herein made are required on the authority of *Delaware Midland Corp. v Incorporated Vil. of Westhampton Beach* (48 AD2d 681, decided herewith). Martuscello, Acting P. J., Christ, Munder and Shapiro, JJ., concur.

■ MARIE TINE, as Administratrix of the Estate of SARAH TINE Also Known as ROSARIA TINE, Deceased, Appellant, v PIONEER BLOOD SERVICE, INC., Respondent, et al, Defendant.—Judgment of the Supreme Court, Queens County, entered October 9, 1974, affirmed, with costs *(Perlmutter v Beth David Hosp.,* 308 NY 100; *Burger v Frisch,* 39 AD2d 542; cf. Public Health Law, § 580, subd 4). Latham, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.