■ PATRICIA J. IANNUCCI, as Administratrix of the Estate of FRANK S. IANNUCCI, Deceased, Appellant, v YONKERS GENERAL HOSPITAL et al., Respondents.—In an action, *inter alia,* to recover damages for medical malpractice, plaintiff appeals from (1) an order of the Supreme Court, Westchester County, dated August 16, 1976, which dismissed four causes of action sounding in breach of warranty and strict products liability against defendant Yonkers General Hospital and (2) a further order of the same court, entered April 5, 1977, which dismissed four similar causes of action against defendant United Hospital. Orders affirmed, with one bill of $50 costs and disbursements payable jointly to respondents. Plaintiff's intestate, while a patient at Yonkers General Hospital, received a transfusion of blood supplied to Yonkers General by United Hospital, which had taken the blood from a donor and, as part of its processing, had administered an HAP or Australian antigen test to detect hepatitis-causing virus. This test, which was only 55% accurate at the time of its administration, was negative. Two months later plaintiff's intestate died, allegedly as a result of hepatitis caused by "bad blood", i.e., blood contaminated with a virus-causing hepatitis. This appeal seeks to review the dismissals of those causes of actions against the defendants which sound in breach of warranty and strict products liability. As the transfusion of blood does not give rise to an implied warranty of fitness, the dismissals of the causes of actions based on breach of warranty are clearly proper (see *Perlmutter v Beth David Hosp.,* 308 NY 100; *Tine v Pioneer Blood Serv.,* 48 AD2d 692; cf. Public Health Law, § 580, subd 4). While the question of whether to apply strict products liability to blood transfusions that cause hepatitis appears to be an issue of first impression for an appellate court in New York, it has been answered in the negative by several trial courts (see *Jennings v Roosevelt Hosp., N. Y. Blood Center,* 83 Misc 2d 1; *Steinik v Doctors Hosp.,* 82 Misc 2d 97; *Simone v Long Is. Jewish Hillside Med. Center,* 81 Misc 2d 163). Although strong arguments can be made in favor of imposing the doctrine on blood banks and hospitals (see Franklin, Tort Liability for Hepatitis: An Analysis and a Proposal, 24 Stan L Rev 439; Haut and Alter, Blood Transfusions—Strict Liability?, 43 St. John's L Rev 557), it seems clear that public policy, as expressed in *Perlmutter* and its progeny, and by the Legislature in subdivi-

sion 4 of section 580 of the Public Health Law, is contrary to the imposition of strict products liability for "bad blood" (see, also, Liability for Injury or Death from Blood Transfusion, Ann., 45 ALR3d 1364). Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.